UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOMINIC BREWER et al., | CASE NO. 2:19-CV-01766 |
| Plaintiffs, | JUDGE SMITH |
| vs. | MAGISTRATE JUDGE DEAVERS |
| NORFOLK SOUTHERN RAILWAY COMPANY et al., | **AMENDED AGREED PROTECTIVE ORDER** |
| Defendants. | |

It being represented to the Court that the plaintiffs, Dominic Brewer and Penny L. Brewer and/or the co-defendants Norfolk Southern Railway Company, James A. McCoy, and/or Parsec, Inc. have or may request documents and things from Professional Transportation, Inc. ("PTI"), which involve trade secrets, proprietary materials and development and/or commercial information belonging to PTI; and

It being represented to the Court that PTI is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. PTI will disclose documents and things that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys and insurance representatives only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid materials disclosed by PTI and the contents thereof shall be maintained in confidence by counsel for the plaintiff and counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel for PTI or until further order of this Court.

3. Any and all of the aforesaid materials disclosed by PTI and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document or thing produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein to any person not also authorized to examine documents under the terms of this Order

5. Counsel for plaintiffs and counsel for the other parties to the above-captioned litigation may permit an expert or experts hired by the plaintiffs or other parties in the above-captioned litigation to review the documents or things subject to this Protective Order, but counsel for the plaintiffs and counsel for the other parties must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents or things and the contents thereof shall not be disclosed to any other person or entity and said documents or things shall not be photocopied or reproduced by any means. Any documents or things provided to experts must be returned to PTI within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents or things produced subject to this Protective Order, and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any such evidentiary material.

8. At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all PTI materials, including any and all copies or renditions made from the materials, shall be returned to counsel for PTI, within thirty (30) days.

9. A breach of the terms of this Order shall entitle PTI to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

Signed this 6th day of April, 2020.

**IT IS SO ORDERED**.

   s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE

2
14897150 _1

Agreed as to the terms and conditions:


*s/Robert B. Thomason (via e-mail approval)*
Robert B. Thompson
Counsel for Plaintiffs


*s/Thomas E. Dover (via e-mail approval)*
Thomas E. Dover
Counsel for Defendant Norfolk Southern
Railway Company


*s/David C. Ahlstrom (via e-mail approval)*
David C. Ahlstrom
Counsel for James A. McCoy


*s/Chad M. Sizemore*
Chad M. Sizemore
Counsel for Parsec, Inc.


*s/Lowell T. Woods (via e-mail approval)*
Lowell T. Woods
Counsel for Professional Transport, Inc.
and David E. Patterson

4